IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEE LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:09-CV-815-MEF |
| ) | |
| MELINDA DELBRIDGE, ) | |
| ) | (WO - DO NOT PUBLISH) |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on the Motion for Emergency Status Quo-Safety Hearing (Doc. # 1). For good cause shown and without objection from Defendant, the motion shall be GRANTED in PART and DENIED in PART.

Plaintiff Lee Lawrence ("Lawrence") declares that he purchased a pregnant mare named "Mistress" from Tammy Ballard ("Ballard") on February 5, 2009. In March of 2009, Mistress gave birth to a foal named "Jupiter." Defendant Melinda Delbridge ("Delbridge") owned Mistress at some point prior to Ballard. Mistress conceived Jupiter while owned by Delbridge. Delbridge claims that Mistress is her horse and that she was wrongfully taken from her by Ballard. It is alleged that Delbridge sought to prosecute Ballard for the wrongful taking of mistress. Furthermore, Lawrence declares that Delbridge has threatened to have him arrested for receipt of stolen property. Fearing that Delbridge might have him arrested or come onto his property to take Mistress and Jupiter, Lawrence filed this lawsuit in the Circuit Court of Elmore County, Alabama on June 8, 2009. The lawsuit not only seeks to quiet title to the horse, but it also alleges that Delbridge has slandered, defamed, libeled,

defrauded, and harassed Lawrence. Lawrence seeks at least $100,000 in damages as well as injunctive relief.

Delbridge was served on July 30, 2009. On August 27, 2009, Delbridge removed the case to this Court invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Delbridge states that she is a legal resident of Georgia. Lawrence is a resident of Alabama. The damages claimed in the Complaint satisfy the amount in controversy requirement for diversity jurisdiction.

While the case was still pending in the Circuit Court of Elmore County, Alabama, Lawrence filed the Motion for Emergency Status Quo-Safety Hearing. The Circuit Court of Elmore County, Alabama took no action on the motion. Once the case was removed, however, this Court recognized that this motion was in fact a request for a temporary restraining order pursuant to Rule 65(b). This request was properly supported by an affidavit from Lawrence setting forth his concerns about the imminent harm to the status quo he fears if Delbridge is not temporarily enjoined. The Court convened a hearing on the motion by telephone conference on August 28, 2009. During this hearing, counsel for Delbridge indicated that there was no opposition to the granting of the requested temporary restraining order. The appropriate amount of security was discussed as was the setting of a consolidated preliminary injunction hearing and trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). Based on the record before it and the representations of the parties, the Court is satisfied that Lawrence has established his entitlement to a temporary restraining

order as set forth below because the evidence establishes a need to preserve the status quo until the merits of this case can be litigated. Accordingly, it is hereby ORDERED as follows:

(1) Lawrence's request for the appointment of a Guardian ad Litem is DENIED.

(2) The parties to this litigation shall have no contact with each other except through or in the presence of legal counsel during the pendency of this matter.

(3) A consolidated hearing on the request for preliminary injunction and trial on the merits shall be held. Jury selection for this trial shall be conducted on September 28, 2009 in Courtroom 2A the United States District Courthouse in Montgomery, Alabama. Trial shall commence on October 5, 2009.

(4) Lawrence shall provide security in the amount of $1,000 to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

(5) Neither Defendant Melinda Delbridge, nor anyone acting on her behalf shall disparage Lawrence about any issue related to Lawrence's possession of Mistress or Jupiter, or Lawrence's prior relationships with Delbridge or Ballard until the conclusion of the trial in this case. Should she have any written or electronic statements on the internet or elsewhere suggesting that Mistress or Jupiter have been stolen from her, she shall immediately remove them until after the trial of this cause. Neither Defendant Melinda Delbridge, nor anyone acting on her behalf shall take any action to institute criminal charges against Lawrence or any member of his family relating to Mistress or Jupiter until after the trial of this cause. Defendant Melinda Delbridge shall have no contact with Mistress or

Jupiter until after the trial of this cause and she shall not use the likeness of either horse for any purpose. Defendant Melinda Delbridge shall make no attempt to obtain physical custody or possession of Mistress or Jupiter until after the trial of this cause. Defendant Melinda Delbridge is restrained from entering onto any property that Plaintiff Lee Lawrence owns or leases for the purpose of maintaining Mistress or Jupiter until after the trial of this cause.

(6) Neither Plaintiff Lee Lawrence, nor anyone acting on his behalf shall in any way take intentional or affirmative action that might in any way diminish the value of either Jupiter or Mistress. This means, among other things, that Lawrence and his agents are restrained from rendering either horse incapable of reproduction. Neither Defendant Melinda Delbridge, nor anyone acting on her behalf shall in any way take intentional or affirmative action that might in any way diminish the value of either Jupiter or Mistress.

(7) Until the resolution of this action, neither Plaintiff Lee Lawrence, nor anyone acting on his behalf, shall engage in any conduct that would impair his ability to surrender Mistress and Jupiter to Defendant Delbridge should it be found that she is the rightful owner.

(8) Until the resolution of this action, neither Defendant Melinda Delbridge, nor anyone acting on her behalf, shall engage in any conduct that would impair Plaintiff Lawrence's ownership interest in Mistress and Jupiter should it be found that he is the rightful owner.

(9) The parties shall be required to prepare and submit trial briefs addressing all salient points of law and arguments specifically addressing the requested injunctive relief by no later than **September 18, 2009**.

(10) A separate scheduling order shall be issued, but the parties are specifically relieved from the obligation of conducting a parties' planning meeting pursuant to Federal Rule of Civil Procedure 26 and discovery shall commence immediately to accommodate the accelerated trial setting.

(11) All provisions of this temporary restraining order directed to the conduct of the parties shall expire upon entry of final judgment in this case.

DONE this the 31st day of August, 2009.

                                            /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE